UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10066-CV-KING
MAGISTRATE JUDGE REID

CHAD ALLEN KIRK,

    Plaintiff
v.

KEY WEST CITIZEN,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### **I. Introduction**

Plaintiff, Chad Allen Kirk, a pretrial detainee currently confined at the Monroe County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff is suing the Key West Citizen newspaper for defamation regarding a news article published about his pending criminal charges in Monroe County Circuit Court. [*Id.*]. For the reasons set forth in this report, Plaintiff's claims should be dismissed.

This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff was previously granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Because Plaintiff is also a prisoner, seeking redress from governmental entities, employees, or officers, his complaint is also subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. § 1915A; *Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*).

## II. Factual Allegations in Plaintiff's Complaint

Plaintiff sues the Key West Citizen newspaper. [ECF No. 1 at 1]. Plaintiff alleges that on April 17, 2020, he was stopped and arrested for his "alleged participation" in an aggravated battery with a deadly weapon in Monroe County Case No. 2020-CF-00271-AK. [*Id.* at 2]. "During the alleged timeframes," Plaintiff alleges that hearsay accusations were made against him, including an allegation that he "inflicted harm upon an individual for narcotics." [*Id.*]. The Key West Citizen newspaper then published an article regarding the incident, entitled "Homeless Man Stabbed Someone Over Drug Debt in Key West." [*Id.*].

Based on these facts, Plaintiff alleges that (1) he is "dealing with" a case of "mistaken identity"; (2) there is no evidence to support his guilt; and (3) there is a "obvious defamation of character issue" which creates the possibility that potential jurors in his case will be biased against him. [*Id.*].

As relief, Plaintiff wants the Key West Citizen to pay his court costs, and award him $200,000 for "loss of significant other," loss of "prospective jobs and or opportunities," "bias [with] potential jurors within the community," "family grief," and "pain and suffering." [*Id*. at 3].

### III. Discussion

A. <u>Legal Standard</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although, as stated before, a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555)).

B. The Key West Citizen is not a State Actor

Plaintiff appears to sue the Key West Citizen newspaper for publishing an article about his ongoing criminal case. However, Plaintiff has not alleged any facts to suggest that the newspaper was a state official acting under color of state law or "jointly engaged with state officials" or a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (internal citations and quotations omitted). Accordingly, Plaintiff's potential § 1983 claims against this Defendant should be dismissed for failure to state a claim upon which relief may be granted.

C. Potential State Law Claims

Here, as discussed above, Plaintiff's § 1983 claims are subject to dismissal for

failure to state a claim upon which relief can be granted. Thus, because all of Plaintiff's federal claims should be dismissed, the court should decline to exercise supplemental jurisdiction over any potential state law claims that Plaintiff may seek to raise, including defamation. *See* 28 U.S.C. § 1367(c)(3).

## IV.    Recommendations

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** against the Defendant for failure to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(ii).

The Court further recommends that leave to amend should not be granted because amendment would be futile. *See Tie Qian v. Sec'y, Dept. of Veterans Affairs*, 432 F. App'x 808, 810 (11th Cir. 2011) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed….'") (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 4th day of September, 2020.

                                                           */s/ Lurana Snow*
                                             UNITED STATES MAGISTRATE JUDGE

cc:    Chad Allen Kirk
        20007167
        Monroe County Jail
        Inmate Mail/Parcels
        5501 College Road
        Key West, FL 33040
        PRO SE